## MORDECAI v. SCHIRMER.

1. EXECUTOR AND TRUSTEE—POWER OF SALE.—The same person may be appointed executor and testamentary trustee by will. A testator devised his residuary estate to his widow, "in trust to hold the same and to collect and receive the income and profits thereof, and to apply said income and profits to her own maintenance and support, and the support of our unmarried daughters; and I do hereby authorize my said wife, whom I nominate as executrix of this my last will, all or any part or parts of my said estate, to sell and convey, from time to time, and at such times, and as often as, and upon such terms as, she shall deem most expedient and advantageous, the proceeds of any such sale to be invested by her at her discretion in" certain designated securities. The wife renounced the executorship, and after the payment of all the debts and legacies, and the surrender of the residuary estate to her, she contracted to sell a certain piece of real estate. *Held,* that the power of sale attached to the widow as trustee, and could be exercised by her after her renunciation of the office of executrix. Therefore, her deed would carry all the title of testator, and the purchaser was bound to accept it, and comply with his contract of purchase.

2. IBID.—IBID.—A power to sell land, given to one who is both executor and

trustee, for the payment of debts, or distribution, is to be deemed annexed to the office of executor, and will pass to the administrator with the will annexed; but a power to sell for general purposes of investment will remain with the donee of the power as trustee.

Before HUDSON, J., Charleston, July, 1892.

This case turns upon the construction of the fourth item of the will of M. C. Mordecai. This will referred to a fund belonging to testator's sister, as to which he released all claim. In item 2, he desired his "executrix and the trustees hereinafter named to pay to my sister quarterly during her life such sum as will, with the interest on the above mentioned sum of $1,800, amount to the yearly sum of $200." In item 3, he disposed of two small pecuniary legacies and his gold watch. Item 4 was as follows:

"4. *Item.* All the rest and residue of my estate, real, personal and mixed, I give, devise and bequeath to my dear wife, Isabel R. Mordecai, for and during the term of her natural life, in trust to hold the same, and to collect and receive the income and profits thereof, and to apply said income and profits to her own maintenance and support, and the support of our unmarried daughters; and I do hereby authorize my said wife, whom I nominate as executrix of this my last will, all or any part or parts of my said estate, to sell and convey from time to time, and at such times, and as often as, and upon such terms as, she shall deem most expedient and advantageous, the proceeds of any such sale to be invested by her at her discretion in United States, State or city stocks or bonds, or in ground rents, or in mortgages, or in unincumbered real estate within the limit of the city of Baltimore, and to be held by her subject to the trusts aforesaid."

Item 5 declared this provision to be in lieu of his wife's dower. Item 6 devised and bequeathed his residuary estate, after his widow's death, to a son and son-in-law, in trust to provide certain portions, divide into shares, hold for the beneficiaries for life, &c., with remainders over. Item 7 provided for the appointment of successors to these trustees, with the same powers. Item 8 authorized the said trustees to make

valuations for purposes of division, and "to make sale, either before or after such division, of any part or parts of my estate devolving upon them after the death of my wife," and to reinvest proceeds in certain designated securities. The remaining items of the will are unimportant. There was no appointment of executors other than that contained in item 4.

*Mr. John F. Ficken,* for appellant.

*Mr. Asher D. Cohen,* contra.

February 17, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was a case agreed upon in a controversy submitted without action. Isabel Mordecai, as trustee, under the will of Moses C. Mordecai, the plaintiff, brings her action for specific performance against Charles C. Schirmer and others, the defendants, for the enforcement of the contract of sale of certain property on East Bay street, Charleston, described in the record, sold by her at public auction in 1891, to the defendants for $6,425, upon the terms hereinafter stated. The defendants resist the claim, on the ground that the title to said real estate, tendered by the plaintiff, as trustee as aforesaid, is not good and marketable, for the reason that the said plaintiff, as such trustee, did not have, and does not now have, any power to make said sale and conveyance. The following are the facts upon which the controversy depends:

On December 10, 1891, the defendants above named purchased, at public auction, in the city of Charleston, from the plaintiff above named, for the price of $6,400, on the terms above set out, all that lot of land, with the three-story brick building thereon, on the southeast corner of East Bay street, &c. [Fully described in this agreed statement.] That the terms of said sale were as follows: The purchase money to be paid all cash, or one-third cash, and the balance in one and two years, secured by bond of the purchasers, bearing interest, payable half yearly, from the day of sale, and a mortgage of the premises; the building to be insured, &c.

That Moses C. Mordecai departed this life on or about De-

cember 13, 1888, leaving in force his last will and testament, a copy whereof is herewith filed, admitted to probate in the city of Baltimore, Maryland, and afterwards in Charleston, South Carolina. That the plaintiff, who was named as executrix, filed her renunciation of executorship, as well in the State of Maryland as in the State of South Carolina. That Asher D. Cohen qualified in this State as administrator, *cum testamento annexo*, but has since been discharged; turning over and accounting to J. Roudolph Mordecai and Jacob J. Cohen, to whom letters of administration, with the will annexed, were granted in Baltimore, Maryland, the domicil of the said M. C. Mordecai. That the debts and legacies have all been paid, and the residuary estate turned over to Isabel Mordecai.

That the said Isabel Mordecai, plaintiff contends, pursuant to the power vested in her as a trustee under the said will, offered for sale, at public outcry, and sold the said premises, for the price above named, upon the terms aforesaid, unto the defendants herein, and a memorandum, in writing, of said sale was made by the auctioneers at the time of said sale, &c. That on May 17, 1892, the plaintiff, as trustee aforesaid, tendered to the defendants a conveyance in fee of said premises, duly executed, requiring, on the part of said defendants, a compliance with the terms of sale. That the said defendants refused to comply with the terms of said sale, and declined to accept the title tendered, on the ground that no power of sale was vested in the plaintiff as trustee under the said will, and that, for this reason, the title tendered as aforesaid is not such a marketable title as they are bound to accept, although in all other respects formal and sufficient.

The questions submitted to the court upon this case are as follows: 1. Was the plaintiff, as trustee aforesaid, vested under said will with the power to sell at public outcry and convey the said premises? 2. Was the title to the said premises, which was tendered by the said plaintiff to the said defendants as aforesaid, a good and marketable title, and such a title as the said defendants are bound to accept? If these questions are answered in the affirmative, then the court is to decree a specific performance of the said contract of sale, modified to this

extent, that the purchase money is to be paid, with interest from the 1st day of March, 1892. If these questions are answered in the negative, then the defendants are to be released from the said contract of sale.

The cause was heard by his honor, Judge Hudson, who held "that the court being satisfied that the power of sale given to his wife, plaintiff herein, by the testator, M. C. Mordecai, in the fourth paragraph of his will, was not attached to her office as executrix, but conferred upon her, as trustee of the residuary estate, for its sale and investment, as she, the said trustee, might, from time to time, deem wise, the first question submitted to the court is answered in the affirmative. The second question submitted to the court is answered in the affirmative. And it is ordered and adjudged, that the defendants do perform their contract of purchase, as set out in the case submitted, modified to this extent only, that interest is to run from March 1, 1892, and not from the day of sale," &c.

From this decree for specific performance, the defendants appeal upon the following grounds: "*First.* Because the presiding judge erred in holding that the plaintiff, as trustee under the will of Moses C. Mordecai, was vested with power to sell at public outcry and convey the said premises. *Second.* Because the presiding judge erred in holding that the title tendered by the said defendants was a good and marketable one, and such as the said defendants are bound to accept," &c.

It seems that there is no inherent defect in the title to this property, the only question being as to who has the right to sell and convey it. The property is a part of the residuary estate, given to the plaintiff for life, as follows: "*In trust* to hold the same, and to collect and receive the income and profits thereof, and to apply said income and profits to her own maintenance and support, and the support of our unmarried daughters; and I do hereby authorize my said wife, whom I nominate as executrix of this my last will, all or any part or parts of my said estate, to sell and convey from time to time, and at such times, and as often as, and upon such terms as, she shall deem most expedient and advantageous, the proceeds of any such sale to be invested by her at her discretion in stocks, &c., and

to be held by her subject to the trusts aforesaid,'' &c. (See the fourth clause of the will, a full copy of which is printed in the record.) The plaintiff, Mrs. Mordecai, was the sole executrix; but the debts and legacies were all.paid, and the residuary estate turned over to her as devisee. Then she filed her renunciation of the executorship, and as trustee sold this property, and tendered her title made as trustee. Asher D. Cohen, Esq., qualified in this State as administrator, *cum testamento annexo*, but has been discharged.

If the plaintiff, Mrs. Mordecai, can not as trustee make good titles, who can do it? The property was given to her for life in trust, with a power to sell and convey any part of it. So far is conceded, but the contention is that the power was not given to her as trustee, but as executrix, in which character alone can she make title. There is no doubt that the same person may be appointed in the same will both executor and trustee for purposes indicated. ''The offices of executor and testamentary trustee are distinct. When the same persons are appointed to both, a revocation of their appointment as executors is not necessarily a revocation of their appointment as trustees. One appointed executrix and trustee may qualify as executrix and refuse to act as trustee, and *vice versa*. Where the same person is both executor and trustee, the question often arises, whether he holds in the one character or in the other.'' The cases upon the subject are numerous, which will be found in the notes, page 236 of 7 A. & E. Enc. L.

But it seems to us only necessary to keep clearly in mind the principle which must determine the question. The executor holds the property in *auter droit*, as a quasi trustee for the well known purposes of administration, viz, the collection of the estate and the payment of debts and legacies, &c. If this is done, and the sale is a matter by itself and is not needed for the purposes of administration, the power is not executorial, and it is not necessarily conferred upon the office of executor, so as to enable the party filling that office to discharge properly its functions and duties. The better opinion seems to be that a power annexed to the office of executor dies with it; but if the power is vested in the executor, not *virtute officii*, but in his

individual capacity as testamentary trustee, it may be executed after renunciation. It would seem that the authorities authorize this conclusion, that a power to sell land given to one who is both executor and trustee, for the payment of debts or distribution, is to be deemed as annexed to the office of executor, and will pass to the administrator with the will annexed, but not a power to sell for general purposes of investment. In carefully considering the will as a whole, we think it properly falls within the class of sales for general purposes of investment, and, therefore, we concur with the Circuit Judge.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.